IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

Diane Gaston
15 White Street
Berea, Ohio 44017

**FILED**
APR 24 2023
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

Linda Lanier
652 Castle Blvd.
Akron, Ohio 44313

**CASE NO.__**

**1:23 CV 00850**

**JUDGE_____**

*Plaintiffs*

**JUDGE BRENNAN**

-vs-

**MAG JUDGE ARMSTRONG**

CCC-AAUP
Cuyahoga Community College Chapter
American Association of University Professors
5415 Schaaf Road
Independence, OH 44131

Michael E. Boyko
6493 Castle Cir.
Brecksville, OH 44141

David Bernatowitz
4934 E. 107th St.
Garfield Heights, OH 44125

*And*

Lemuel E. Stewart
1541 Compton Road
Cleveland Heights, OH 4411

*Defendants*

---

**JURY TRIAL DEMANDED**

*Receipt No. 144958 $402.00 4/24/2023 CMH*

## STATEMENT OF FACTS

1. This is a civil-rights action brought under federal and state anti-discrimination-and-retaliation laws including 42 U.S.C. § 1983 (First and Fourteenth Amendments); Title VI and Title VII of the Civil Rights Act of 1964 (retaliation in higher education and employment respectively), Ohio Rev. Code § 4112, *et seq.*, (Ohio employment retaliation); and civil liability for criminal acts and civil intimidation under Ohio law.

2. On Wednesday, June 16, 2021, we (Linda Lanier & Diane Gaston) received "official notification" from the Manager, Employee Labor Relations of Cuyahoga Community College, Shari Brazile, commanding our appearance at a Pre-Disciplinary Due Process Hearing. The letter outlined the following charges alleged by the college regarding our participation in a May 21, 2021, Channel 19 interview. (The Channel 19 interview, part of the next 400 series, focused on how students of color were faring in the pandemic.)

**The charges:**
- The interview was comprised of inaccuracies and misleading statements.
- We violated 3354:1-43-02 Employee code of conduct (A) Employees must exhibit a high degree of personal integrity at all times.
- We violated 3354:1-50-03 Public affairs and information policy, by not contacting the office of Public Policy first. *(No such office existed and no one has ever been required to do so prior to making public statements).*
- We violated Section 27.04 Agreement between Cuyahoga Community College and the American Association of University Professors… Because the public may judge the profession and the College by his utterances, a faculty member should at all times strive to be accurate, exercise appropriate restraint and show respect of the opinions of others.

3.It is our contention that the American Association of University Professors (AAUP) Union of Cuyahoga Community College led by CCC-AAUP President, Mr. Michael E. Boyko, Metropolitan Campus Vice President, Professor David Bernatowitz and Western Campus CCC-AAUP Vice-President, Dr. Lemuel E. Stewart all breached the CCC-AAUP contract and failed in their duty of fair representation for tenured professors Diane Gaston and Linda Lanier.

4. By declining to advocate for our first amendment and constitutional rights as full time tenured faculty members at the college, prior to during or after either two-day Pre-Disciplinary Due Process hearings that began on June 23, 2021.
5. The CCC-AAUP president, Mr. Boyko, representatives Dr. Stewart and Mr. Bernatowitz all failed to issue either a verbal or written objection regarding claims that our statements were inaccurate made by Cuyahoga Community College Former President, Dr. Alex Johnson during a public town hall held on May 24, 2021.
6. Although Professor's Gaston and Lanier both have exemplary records with no prior disciplinary actions, the CCC-AAUP officers failed to object as the college bypassed

(verbal warning, written warning and corrective action steps and proceeded directly to a pre-firing hearing (intended for dismissal) on June 23, 2021.

7. The CCC-AAUP officers and their attorney, Mr. Gallagher were obstructive and a hindrance to our legal counsel (refused to allow our counsel to argue "free speech" at the April 2022 arbitration process and did not assist with providing information on other contractual violations.

8. The CCC-AAUP did not provide any legal advice, fact finding or representation during the hearing process (although promised). Attorney Gallagher did not attend the June 23, 2021 hearing at all.

9. The CCC-AAUP retained attorney, Mr. Gallagher never reached out to either professors nor were either provided his contact information for clarification of our rights as tenured professors, our rights according to the CCC-AAUP contract, or defensive strategy.

10. Mr. Michael E. Boyko, , Professor David Bernatowitz and CCC-AAUP Vice-President, Dr. Lemuel E. Stewart sided with the Cuyahoga Community College against, Attorney Gilbert (professors Lanier & Gaston's legal representative) on several occasions, including; refusing to move directly to the arbitration process (in lieu of the 5 grievance steps. CCC-AAUP's refusal added an additional 5 months in the grievance process stretching the course of action to 17 months. The time added unnecessary additional legal expenses.

11. During the period of December 2021 and March 2022, Mr. Callahan (State Attorney) and Mr. Gallagher (AAUP Attorney) negotiated parameters of the arbitration against professors stated preferences and absent our chosen counsel, attorney Gilbert.

12. Mr. Michael E. Boyko, Professor David Bernatowitz, Dr. Lemuel E. Stewart nor the CCC-AAUP attorney, Mr. Gallagher attended either day of arbitration. When asked to testify on behalf of Professor's Gaston and Lanier, Mr. Gallagher (CCC-AAUP attorney) stated that Mr. Bernatowitz would testify against the professors if called.

13. The absence of any support from the CCC-AAUP, and the continued silence regarding our very public case, helped create an environment of daily professional isolation in the community, ongoing retaliation within the college (from May 2021 to present) and a hostile work environment causing mental stress, physical fatigue, and loss of income.

14. The college demanded and the CCC-AAUP agreed that the professors should use the AAUP attorney for arbitration despite his absence at our pre-disciplinary hearings, his lack of contact with us, and our personal objections as he nor the AAUP had provided us with any information in support of our rights. Upon request to use a personal attorney, for the April 2022 Arbitration Process, the CCC-AAUP attorney demanded professor's Gaston and Lanier sign a written order that would release the AAUP from potential charges against them for permission use our attorney).  Direct quote below

*"in return for the release. a complete and general release for any and all potential claims they believe they now have or may have in the future against CCC-AAUP related in any way to the events that gave rise to their suspensions and/or the grievances filed over their suspensions."*
(We refused)

15. The CCC-AAUP showed no public support of Prof. Lanier or Gaston. The CCC_AAUP allowed Professors Lanier and Gaston to be subjected to unfair and retaliatory treatment, isolation, and a hostile work environment because of our race and national origin.

16. Although, clearly in violation of the CCC-AAUP freedom of speech contract clause, no written policy or guidance for media interaction, and no factual or faulty information provided during the Channel 19 interview, the AAUP did not aid either Professors Lanier or Gaston and instead acted in manners contrary to contractual obligations and responsibilities.

## RELIEF SOUGHT

Had Vice Presidents David Bernatowitz and Dr. Lemuel E. Stewart or the CCC-AAUP President, Mr. Michael E. Boyko, fulfilled their duty of fair representation as they have for many White faculty members in the past, the college would have responded much differently. In fact, the arbitrator Mr. Miller, in his October 5, 2022 decision concluded the college had no grounds to bring any of the charges filed in the first place. Our suspensions were reversed and our deducted pay returned.

Because the AAUP clearly demonstrated no interest in defending our case, we were forced to seek and secure outside counsel.

For this reason, we are asking for reimbursement of legal fees incurred through the hearing and April 2022 Arbitration process in the amount of $46, 000 paid to Mr. Edward L. Gilbert plus any verifiable associated cost.

4-24-23

*Diane Gaston*

*[signature]*