UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DIANE GASTON, et al., | CASE NO. 1:23-cv-00850 |
| Plaintiffs, | |
| | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | |
| CUYAHOGA COMMUNITY COLLEGE CHAPTER, AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, et al., | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

Plaintiffs Diane Gaston and Linda Lanier sue their union, Defendant Cuyahoga Community College Chapter, American Association of University Professors (the "AAUP"), and their union's president, Defendant Michael Boyko, for race discrimination and retaliation. Before the Court is Defendants' motion to dismiss for failure to state a claim. (Doc. No. 20.) For the following reasons, the Court GRANTS IN PART and DENIES IN PART the motion to dismiss.

I. **Background**

   A. **Factual Allegations**

Plaintiffs Diane Gaston and Linda Lanier are tenured faculty members at Cuyahoga Community College ("Tri-C"). (Doc. No. 19-1 at ¶¶ 11–12.) As Tri-C faculty members, Plaintiffs are also members of the AAUP. (*Id.* at ¶ 9.)

On May 21, 2021, a local news station interviewed Plaintiffs about how the Covid-19 pandemic was affecting African American students in college. (*Id.* at ¶ 18.) In this interview,

Plaintiffs expressed concerns that Tri-C's decision to offer fewer in-person classes on one of its campuses disproportionately harmed African American students. (*Id.* at ¶¶ 19, 21.) Shortly afterwards, Tri-C's president publicly criticized Plaintiffs for their remarks during the local news interview. (*Id.* at ¶ 22.) Tri-C then initiated disciplinary proceedings against Plaintiffs for those remarks. (*Id.*) Ultimately, Tri-C withdrew its disciplinary actions against Plaintiffs, removed the disciplinary records from Plaintiffs' personnel files, and awarded Plaintiffs back pay for brief suspensions that occurred during the proceedings. (*Id.* at ¶ 26.)

However, according to Plaintiffs, the AAUP failed to support Plaintiffs throughout the disciplinary process. As AAUP members, Plaintiffs expected the AAUP to represent them in the disciplinary proceedings. (*Id.* at ¶ 23.) The AAUP allegedly failed to do so, declining to defend Plaintiffs against Tri-C's allegations, failing to provide legal counsel or fact-finding support, and obstructing Plaintiffs' ability to obtain a personal attorney by requiring Plaintiffs to sign a waiver absolving the AAUP of any liability before allowing Plaintiffs to use their personal attorney's services. (*Id.* at ¶¶ 24–25.)

In response, Plaintiffs filed charges with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination. (*Id.* at ¶ 31.) Plaintiff Lanier alleges that after she filed her EEOC charge, Defendants AAUP and Boyko retaliated against her by denying her request to continue her flexible work schedule so that she could care for a family member. (*Id.* at ¶¶ 56, 66.)

**B. Procedural History**

Plaintiffs initially filed suit as pro se litigants, raising a battery of various claims against the AAUP and several individual AAUP officers. (Doc. No. 1.) The Court granted Defendants' motion to dismiss the original complaint but allowed Plaintiffs to move for leave to amend most of their claims. (Doc. No. 17.) Plaintiffs subsequently obtained legal counsel, who filed a

motion for leave to amend. (Doc. No. 19.) Plaintiffs' legal counsel also attached a proposed amended complaint, which streamlined the case by raising only discrimination and retaliation claims and by limiting the Defendants to the AAUP and Michael Boyko. (Doc. No. 19-1.) The Court granted leave to amend. (Feb. 15, 2024 Non-Doc. Order.) Defendants then filed the motion to dismiss that is the subject of this Order. (Doc. No. 20.)

## II. Legal Standard

A plaintiff must plead "a short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requires the plaintiff to allege facts making out a plausible legal claim to survive a motion to dismiss for failure to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That is, the complaint must make factual allegations sufficient for a court "to draw the reasonable inference that the defendant is liable." *Id.* The plaintiff need not show a probability of success, but she must show "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Courts deciding motions to dismiss for failure to state a claim "draw on [their] judicial experience and common sense." *Id.* at 679. In doing so, courts must construe the complaint in the light most favorable to plaintiff, accept all the complaint's factual allegations as true, and draw reasonable inferences in plaintiff's favor. *Cates v. Crystal Clear Techs., LLC*, 874 F.3d 530, 534 (6th Cir. 2017) (quoting *Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016)). But courts do not accept legal conclusions or other conclusory allegations as true. *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (quoting *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 275–76 (6th Cir. 2010)). Nor do courts make unwarranted factual inferences. *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006).

### III. Analysis

#### A. Discrimination Claims

Plaintiffs raise race discrimination claims against the AAUP under both Title VII and Ohio law. (Doc. No. 19-1 at ¶¶ 32–48.) "Because federal case law governing Title VII actions is generally applicable to discrimination claims under Ohio law," the Court analyzes both discrimination claims together. *Singfield v. Akron Metro. Hous. Auth.*, 389 F.3d 555, 561 (6th Cir. 2004) (citing *Little Forest Med. Ctr. v. Ohio C.R. Comm'n*, 575 N.E.2d 1164 (Ohio 1991)).

Plaintiffs allege that the AAUP discriminated against them because the AAUP failed to represent them in disciplinary proceedings regarding Plaintiffs' statements about the impact of Tri-C's pandemic-era policies on African American students. (Doc. No. 19-1 at ¶¶ 36–37, 46.) Plaintiffs claim that the AAUP acted differently when Tri-C initiated disciplinary action against a White faculty member who made racially insensitive remarks by fully representing that White faculty member. (*Id.* at ¶¶ 39–40.) According to Plaintiffs, the reason the AAUP represented the White faculty member but did not represent Plaintiffs, who are Black, is due to Plaintiffs' race. (*Id.* at ¶¶ 41, 46.)

As the Court previously held, plaintiffs can bring discrimination claims against unions for breaching their duty of fair representation on account of a plaintiff's race. (Doc. No. 17 at 11 (quoting *Robinson v. Cleveland State Univ.*, No. 1:19-cv-1357, 2019 WL 5788595, at *2 (N.D. Ohio Nov. 6, 2019).) To move past the pleading stage on such discrimination claims, plaintiffs need not plead a prima facie case under *McDonnell Douglas*. *Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012). Rather, plaintiffs only need to offer "sufficient 'factual content' from which a court, informed by its 'judicial experience and common sense,' could 'draw the reasonable inference'" that the AAUP discriminated based on race. *Id.* at 610 (quoting *Iqbal*, 556 U.S. at 678–79).

The AAUP contends that Plaintiffs' allegations are too conclusory to clear that bar. (Doc. No. 20-1 at 3–4.)  That is not so.  Plaintiffs identified a specific individual comparator—a White professor who Plaintiffs allege was treated more favorably by the AAUP.  (Doc. No. 19-1 at ¶ 39.)  Plaintiffs identified that professor's specific actions—making racially insensitive remarks—and alleged that Tri-C instituted disciplinary action against that professor for those remarks.  (*Id.* at ¶ 40.)  And Plaintiffs say that the AAUP represented that White professor while the AAUP failed to represent Plaintiffs, who are Black.  (*Id.*)  These allegations are sufficient, when drawing all inferences in Plaintiffs' favor, for the Court to infer that the AAUP's actions were due to race.  Indeed, courts in this district have found similar allegations to be sufficient to survive the pleading stage.  *See Katib v. USF Holland LLC*, 640 F. Supp. 3d 788, 794 (N.D. Ohio 2022) (allegations that a defendant did not require specific non-Arab and non-Middle Eastern employees to drive unclean trucks while the defendant fired the Arab and Middle Eastern plaintiff for refusing to drive an unclean truck were sufficient to state a claim).

Therefore, the Court DENIES the motion to dismiss Plaintiffs' discrimination claims.

**B.  Retaliation Claims**

Plaintiff Lanier raises a Title VII retaliation claim against Defendant AAUP and an Ohio retaliation claim against both Defendants AAUP and Boyko.  (Doc. No. 19-1 at ¶¶ 49–70.)  Like the discrimination claims discussed above, Lanier's Title VII and Ohio retaliation claims are subject to the same analysis.  *Baker v. Buschman Co.*, 713 N.E.2d 487, 491 (Ohio Ct. App. 1998) ("For retaliation claims in Ohio, Federal law provides the applicable analysis for reviewing retaliation claims.") (internal quotation marks and citation omitted).  The Court analyzes the two retaliation claims together.

Lanier alleges that Defendants retaliated against her for filing a discrimination charge with the EEOC. (Doc. No. 19-1 at ¶¶ 53, 56, 65–66.) According to Lanier, before she filed her EEOC charge, Lanier received a flexible work schedule to tend to family medical concerns. (*Id.* at ¶ 54.) After filing the EEOC charge, though, Lanier says that Defendants AAUP and Boyko retaliated against her by denying her request to continue her flexible work schedule. (*Id.* at ¶¶ 56, 66.)

Defendants raise multiple arguments against Lanier's retaliation claims. But the Court need not address all Defendants' arguments because Lanier's retaliation claims fail for a simple reason: Defendants do not control Lanier's work schedule—Tri-C does.

Ohio Revised Code § 4117.08(C)(5) reserves the power to schedule employees to public employers like Tri-C, even if there is a collective bargaining agreement with a public-sector union like the AAUP, unless the public employer explicitly agrees otherwise. In turn, the relevant collective bargaining agreement between Tri-C and the AAUP keeps the power to schedule employees exclusively with Tri-C. (Doc. No. 20-4 at § 5.01(F).)[1] Neither Defendant AAUP nor Boyko has any authority to grant or deny Lanier's scheduling requests, so neither could have retaliated against Lanier by denying her request.

Ohio law and the collective bargaining agreement definitively show that Defendants had no authority to control Lanier's scheduling. Since Lanier cannot amend her complaint to plead

---

[1] Although the collective bargaining agreement is outside of the pleadings, the Court may consider it on this motion to dismiss because it is publicly available on the State Employment Relations Board's website (https://serb.ohio.gov/static/PDF/Contracts/2022/22-CON-02-0515.pdf), so the Court may take judicial notice of the agreement under Federal Rule of Evidence 201. *New England Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003).

around the collective bargaining agreement, the Court GRANTS the motion to dismiss as to Lanier's retaliation claims and DISMISSES those claims WITH PREJUDICE.

IV. Conclusion

The Court GRANTS IN PART and DENIES IN PART Defendants' motion to dismiss. Plaintiffs' discrimination claims may proceed, but the Court DISMISSES Plaintiff Lanier's retaliation claims WITH PREJUDICE.

IT IS SO ORDERED.

Date: July 2, 2024

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE